UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**MOHAMED LACHAAB,**

                                   **Plaintiff,**

             **-v-**                                     **1:16-CV-1019 (NAM/ATB)**

**STATE UNIVERSITY OF NEW YORK (SUNY)
BOARD OF TRUSTEES, STATE UNIVERSITY
OF NEW YORK AT ALBANY (SUNY AT ALBANY),
NANCY ZIMPHER, Chancellor of SUNY, in her
individual and official capacities, ROBERT JONES,
University at Albany president, in his individual and
official capacities, TAMRA MINOR, Chief Diversity
Officer and Assistant Vice President for Diversity and
Inclusion, SUNY at Albany, in her individual and official
capacities,**
                                         **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Mohamed Lachaab
425 Central Avenue, Apt 2R
Albany, New York 12206
*Plaintiff, pro se*

Keith J. Starlin, Esq.
New York State Attorney General
The Capitol
Albany, New York 12224
*Attorney for Defendant*

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## INTRODUCTION

    On August 18, 2016, plaintiff filed a complaint with a number of attachments against

defendants SUNY Board of Trustees; SUNY Albany; Nancy Zimpher, SUNY Chancellor; Robert

Jones, University at Albany President; and Tamra Minor, Chief Diversity Officer and Assistant

Vice President for Diversity and Inclusion. (Dkt. No. 1). Plaintiff alleged that he was subjected to termination of employment, retaliation, discrimination from education, intimidation and harassment. On November 10, 2016, defendants filed a motion to dismiss the complaint. (Dkt. No. 14). Plaintiff responded in opposition to the motion, and defendants filed a reply. (Dkt. Nos. 15, 17). For the reasons set forth below, the Court grants defendants' motion to dismiss.

## **BACKGROUND**[1]

Plaintiff enrolled as a student at the State University of New York (SUNY) at Albany in August 2009 as a Ph.D. student in economics. Plaintiff alleges that, throughout his tenure at SUNY Albany, he experienced discrimination based on his race and religion. On October 29, 2013, plaintiff withdrew from SUNY Albany. He subsequently filed a complaint with the United States Department of Education's Office for Civil Rights ("OCR") alleging discrimination. Plaintiff appealed the OCR's unfavorable decision, alleging that the OCR was racist and had discriminated against him. That appeal was denied. Plaintiff returned to SUNY Albany to resume his studies in January 2015. In April 2015, plaintiff filed a lawsuit stemming out of this alleged discrimination. In that complaint, plaintiff alleged that Professors Jerison, Kranich, and Yun discriminated against him by, *inter alia*, administering uncharacteristically difficult tests, unfairly grading exams, and not responding to emails. He further alleged that Professor Kinal did not like him because he was from a Muslim country, and that he terminated plaintiff from his teaching position in the summer of 2011, prior to plaintiff's start date. Generally, plaintiff

---

[1] The complaint itself contains minimal background information. Therefore, in light of plaintiff's pro se status, the Court has reviewed in detail the over 160 pages of attachments, and will base this description on the information contained therein. The Court has also reviewed plaintiff's complaint in his prior action, *Lachaab v. Zimpher et al.,* No. 1:15-CV-426 (N.D.N.Y.).

asserted that harassment was pervasive throughout the SUNY Albany staff and administration. Plaintiff's April 2015 lawsuit was dismissed on June 6, 2016. *Lachaab v. Zimpher et al.,* No. 1:15-CV-426 (N.D.N.Y.) (Dkt. No. 18). The Honorable Frederick J. Scullin, Senior United States District Judge concluded first, that plaintiff did not properly effect service on the defendants. The court then concluded that it would not extend plaintiff's time to serve his complaint because of additional substantive deficiencies with the complaint. The Court ordered that plaintiff's Title VII and Equal Protection claims be dismissed with prejudice.[2]

    Two months after the dismissal of his April 2015 complaint, plaintiff filed the current action on August 18, 2016. Plaintiff's complaint begins by stating "[t]his action refiles my previous action . . . that was filed on 4/10/2015 and partly dismissed without prejudice on 6/6/16, adds new and continuing facts of discrimination and intimidation . . . ." (Dkt. No. 1 at 2). Plaintiff then describes allegations made in his previous action referencing over 100 pages of attachments to the instant complaint. (Dkt. No. 1 at 2 ("Also, in my previous action . . . (see attachments: 104 pages) [list of 14 allegations.]")). Plaintiff also includes a section entitled "New Facts" where he describes and complains about an incident that occurred April 30, 2015 where "a group of white male and female students (about 5 students) in my class (of about 40 students) surprised us and made a presentation in which they offended me. They said that Muslim people drink Camels' urine, ride camels, spread diseases and viruses . . . and this is because of their religion. They were mocking about that. . . . Other students who know my name looked at me with humiliation because I did not say anything. I left the class to avoid any confrontation and

---

[2] The court also addressed a civil malicious prosecution claim and dismissed that with prejudice. That claim is not relevant to the instant action.

possible assault against me by that group of students." (Dkt. No. 1 at 3). Plaintiff alleges that the department chair and the dean failed to take any action based on this incident, and alleges generally that Tamra Minor, the director of diversity and inclusion at the University, and the University President, Robert Jones, failed to protect him. (Dkt. No. 1 at 3-4). He further states that the University is "currently pushing me to leave with a GPA of 2.96." (Dkt. No. 1 at 4).

## DISCUSSION

### I. Legal Standard

A complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Cor. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). The Court must accept as true all of the allegations in a complaint, but that does not apply to legal conclusions and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Further, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 664. "When there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Id.* There is "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

### II. Analysis

Both of plaintiff's complaints allege claims stemming from plaintiff's role as a graduate student at SUNY Albany. Defendants argue that this action is barred by res judicata. The Court agrees.

Res judicata, or claim preclusion, holds that "a valid, final judgment, rendered on the merits, constitutes an absolute bar to a subsequent action between the same parties, or those in privity with them, upon the same claim or demand." *Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 108-09 (2d Cir. 2001). A claim will be barred based on this doctrine if: 1) the prior action involves a judgment on the merits; 2) the prior action involves the same parties or those in privity; and 3) the claims asserted in the present action were, or could have been, asserted in the prior action. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). The third element bars claims both on the same legal theory, or a different legal theory, provided that they arise from the same transaction or occurrence. *L-Tec Elecs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 88 (2d Cir. 1999). This test applies three inquiries: 1) whether the underlying facts are related in time, space, origin or motivation; 2) whether the underlying facts form a convenient trial unit; and 3) whether their treatment as a unit conforms to the parties' expectations. *Channer v. Dep't of Homeland Security*, 527 F.3d 275, 280 (2d Cir. 2008). A party must, therefore, assert all legal theories he wishes to in his initial action. *Wells Fargo Bank, N.A. v. Konover Dev. Corp.*, 630 F. App'x 46, 50-51 (2d Cir. 2015).

As discussed above, plaintiff's prior complaint was indeed dismissed with prejudice. Despite plaintiff's claim that it was dismissed without prejudice for failure to properly serve, a review of the opinion makes it clear that despite plaintiff's failure to properly serve the defendants, his substantive claims were analyzed by the court and dismissed with prejudice.

Consequently, the first element of res judicata is met.

The second element, that the action involve the same parties or those in privity with them is also met here. "[A] party cannot avoid the res judicata effect of [a prior] judgment by bringing suit against a new defendant that is in privity with the original defendant." *Lacy v. Principi*, 317 F. Supp. 23 444, 447 (S.D.N.Y. 2004). Two of the defendants, Nancy Zimpher, Chancellor of SUNY and Robert Jones, President of SUNY Albany are defendants in both actions. The remaining defendants, SUNY Albany, SUNY Board of Trustees, and Tamra Minor, Chief Diversity Officer and Assistant Vice President for Diversity and Inclusion at SUNY Albany, are all in privity. *See Hyman v. Cornell University,* 15-CV-792, 2017 WL 1194231, at *10 (N.D.N.Y. Mar. 30, 2017) (citing *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa, S.A.,* 56 F.3d 359, 367-68 (2d Cir. 1995) (stating that "the principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion") (citation omitted); and *McCarroll v. U.S. Fed. Bureau of Prisons*, No. 3:11-cv-934, 2012 WL 3940346, at *8 (D. Conn. Sept. 10, 2012) ("Courts have long recognized that privity exists between coemployees or employees and their employers for res judicata purposes.")). The factual allegations against each of the defendants in the present action are based on the same events that the prior action was based on.

The Court also concludes that the third element, that the claims asserted in the present action were, or could have been, asserted in the prior action, is met. The doctrine bars claims both on the same legal theory, or a different legal theory, provided that they arise from the same occurrence. *L-Tec Elecs. Corp.*, 198 F.3d at 88. When conducting this analysis, "courts 'look to

whether the underlying facts are "related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.""" *Hyman*, 2017 WL 1194231, at \*6 (citing *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997) (internal citations omitted)). As noted above, both actions stem out of plaintiff's time as a student at SUNY Albany, and his belief that he was discriminated against, intimidated, and harassed. The series of events that form the basis of both actions are the same. Indeed, plaintiff himself begins his complaint by explaining that "[t]his action refiles my previous action . . . ." and continues on to describe the very same actions that he complained of in his first action. (Dkt. No. 1 at 2). Though plaintiff has identified different statutory provisions he believes were violated in this action, the factual predicate upon which the claims are based is substantially identical, and therefore, the claims are duplicative for purposes of res judicata. *See Berlitz Schs. of Languages of Am., Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir. 1980). At the center of both complaints is his belief that students, professors, and administration at SUNY Albany treated him in a way that he considered intimidating, harassing and discriminatory throughout his tenure at the University. The same facts needed to support plaintiff's claims in this action were present in the first.

The only incident that appears to have occurred after the filing of the first complaint is an April 30, 2015 presentation made by a group of students that allegedly involved disparaging remarks against Muslims. As noted by defendants, this incident occurred less than 3 weeks after the complaint in plaintiff's prior action was filed, and over a year before the Court dismissed that action. Plaintiff did not make any attempt to amend his prior complaint. Moreover, the Court agrees with defendant that this incident involves actions of other students, and there are no

allegations that would support a conclusion that any of the defendants could be responsible for these actions. Additionally, and perhaps most importantly, the allegations surrounding this incident are insufficient to plausibly allege any sort of invidious discrimination.

Consequently, the Court concludes that plaintiff's claims are barred by the doctrine of res judicata and therefore, his complaint must be dismissed.[3]

## CONCLUSION

It is therefore

ORDERED that the motion to dismiss (Dkt. No. 14) is GRANTED as set forth herein; and it is further

ORDERED that the action is dismissed with prejudice.

IT IS SO ORDERED.

Date:   August 4, 2017
        Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge

---

[3] The Court also agrees with defendants' arguments that plaintiff's claims are also subject to dismissal for failure to state a claim upon which relief may be stated, but in light of the dismissal on res judicata grounds, the Court does not individually analyze each of these claims.